Denise K. McCafferrey
16560 Hampton Lane
Athens, AL 35611

FILED
2022 AUG 10 A 9: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

The Honorable Liles C. Burke
United States District Court
101 Holmes Avenue
Huntsville, AL 35801

August 5, 2022

Dear Judge Burke,

    I am in receipt of your order of dismissal for case number is 5:22-cv-764-LCB. However, I am confused regarding the reason for such action. I paid the filing fee in accordance with the 2021 Code of Alabama, Title 12, Chapter 19, Article 3, Division 2 (Court Fees), Section 12-19-71(a) (Circuit and District Court Filing Fees) item (10), filing fee for a Dispositive Motion. There is no other Alabama law regarding court filing fees.

    *In forma pauperis*, relates to incarcerated individuals seeking redress in a court of law. Even incarcerated individuals are granted the luxury of making twelve (12) monthly payments for the total costs of filing fees and other costs. I would like to know why you have denied me the right to seek redress from a company that cheated me out of my hard-earned social security funds.

    What are your intensions and motivation for your action? Are you trying to cheat a 69-year-old disabled woman also? What about the court clerk and their own behavior and actions? They have returned my legal briefs more than once. They claim that they kept the above case as it relates to federal trade laws.

    Kindly reverse your August 1, 2022 order and set a hearing date.

*Denise K. McCafferrey*
Denise K. McCafferrey

# 2021 Code of Alabama
# Title 14 - Criminal Correctional and Detention Facilities.
# Chapter 15 - Alabama Prisoner Litigation Reform Act.
# Section 14-15-5 - In Forma Pauperis Statuts.

Universal Citation: AL Code § 14-15-5 (2021)

Section 14-15-5

In forma pauperis statuts.

(a)(1) A prisoner seeking in forma pauperis status shall provide the court with a certified copy of his or her prisoner money account for the preceding 12 months.

(2) Any prisoner granted leave to proceed in forma pauperis shall repay any filing fees and pay any taxed costs by making monthly installments, until fully paid, equal to 20 percent of the prisoner's average monthly prisoner money balance for the prior 12 months, or a similarly determined amount if 12 months of account activity is not available.

(3) If the court determines the prisoner has had no deposits in his or her inmate trust account for the preceding 12 months, the court shall permit the prisoner to proceed without paying the filing fee and costs.

(4) In cases where in forma pauperis status is granted, the filing fee of a pro se civil action shall be taxed to the prisoner at the end of the case. The taxing of costs against a non-prevailing prisoner shall be at the court's discretion.

(5) Any prisoner failing to make any payment when due shall have his or her case dismissed without prejudice.

(b) The court shall deny in forma pauperis status to any prisoner who has had three or more pro se civil actions or appeals dismissed by any federal or state court for being frivolous, malicious, or for failure to state a claim, unless the prisoner shows that he or she is in imminent danger of serious physical injury at the time of filing his or her motion for judgment, or the court determines that it would be manifest injustice to deny in forma pauperis.

*(Act 2013-115, p. 231, §5.)*

**Disclaimer:** These codes may not be the most recent version. Alabama may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

# Declaratory Judgment Actions: When are they Appropriate?

## by Neal F. Weinrich, Esq.

Declaratory judgments are an important tool in litigation. They allow businesses or individuals to seek a court's direction at the early stages of a controversy. When there is uncertainty as to the legal obligations or rights associated with a potential future course of action, declaratory relief offers an immediate means to resolve this uncertainty.

Both federal and Georgia law provide for mechanisms by which litigants may seek declaratory relief from the courts. Specifically, the Federal Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Similarly, Georgia has codified the Uniform Declaratory Judgment Act at O.C.G.A. § 9-4-1 *et seq*. This chapter vests Georgia's superior courts with the authority to issue declaratory judgments:

> In cases of actual controversy, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such. .

While many business disputes do present an "actual controversy" between the parties such that one party has standing to bring a lawsuit, not all business disputes may be appropriately resolved through a declaratory judgment action. Declaratory relief is appropriate where a litigant needs direction from a court *before* from taking future action. Such direction will afford the litigant relief from uncertainty or insecurity. See Amer. Household Products, Inc. v. Evans Manufacturing, Inc., 139 F.Supp.2d 1235, 1239 (N.D. Al. 2001).

In contrast, where the facts and circumstances in a dispute are such that damages or rights have *already* accrued, determination through a declaratory judgment action may be inappropriate:

> The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to

> permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole.

Cox v. Athens Reg. Med. Cent., 279 Ga. App. 586, 594, 631 S.E.2d 792, 799 (2006); see also Baker v. City of Marietta, 271 Ga. 210, 214, 518 S.E.2d 879, 884 (1999)("[w]here the rights of the parties have already accrued and the party seeking the declaratory judgment does not risk taking future undirected action, a declaratory judgment would be 'advisory'").

There are classic examples of business situations in which a declaratory judgment action is appropriate. For example, a declaratory judgment action may be brought by an employee against his or her former employer concerning the enforceability of a covenant not to compete. The employee's new employer, who competes with the former employer, may also join in the action. The employee may seek declaratory relief that the covenant is unenforceable before commencing work with a competitor and potentially violating the covenant. The new employer may seek declaratory relief that its employment of the employee will not constitute tortious interference with the former employer's contractual relations with its former employee. In this situation, declaratory relief is an appropriate remedy. See, e.g., Enron Capital & Trade Resources Corp. v. Pokalsky, 227 Ga. App. 727, 729, 490 S.E.2d 136, 138-9 (1997).

Similarly, an insurer may seek declaratory relief that it owes no duty to defend its insured under an insurance policy after a claim is submitted for coverage but before a formal declination of coverage is issued. See, e.g., Atlanta Casualty Co. v. Fountain, 262 Ga. 16, 17, 413 S.E.2d 450, 451 (1992). A company concerned about infringing another company's patent may file a declaratory judgment action seeking a declaration of non-infringement. See, e.g., North Amer. Oil Co. v. Star Brite Distributing, Inc., 148 F.Supp.2d 1351, 1355 (N.D. Ga. 2001).

Under these circumstances, the court's guidance through a declaratory judgment tells the litigant whether its proposed course of conduct or business will subject them to future damages. This procedure assists in relieving the insecurity or uncertainty associated with a proposed course of action. It is thus appropriate. See County Materials Corp. v. Allan Block Corp., 431 F.Supp.2d 937, 945 (W.D. Wisc. 2006)("a declaratory judgment action is proper when a declaration of rights is a bona fide necessity for the natural defendant/declaratory judgment plaintiff to carry on with its business."); Georgia Pub. Serv. Comm. v. CSX Trans., Inc., 225 Ga. App. 787, 788, 484 S.E.2d 799, 802 (1997)(declaratory relief proper where "facts alleged demonstrate the necessity of judicial intervention to protect CSX's right to control the Cordele facility, a right denied by the Commission").

In contrast, declaratory relief may be inappropriate in some circumstances, such as a pure breach of contract action. That is, where the actions that allegedly constitute a breach of a contract have *already* occurred, there is no *future* uncertainty to resolve.

For example, one party may claim that it performed under a commission agreement and is entitled to payment of his or her commission. The other party may file a declaratory judgment action seeking a declaration that there has not been performance under the agreement and that no commission is owed. In that situation, the question to be answered is whether a breach has *already* occurred by the declaratory judgment plaintiff's failure to pay the commission, and thus whether payment is owed as a result of that past breach. There is no uncertainty as to a future

course of action (other than the payment of previously accrued damages) which warrants the immediacy of declaratory relief.

Thus, a declaratory judgment action that is nothing more than an anticipatory defense to a breach of contract claim may be an inappropriate use of the declaratory judgment mechanism. Given that courts have discretion whether to entertain a declaratory judgment action, they may decline to do so under such circumstances. See O.C.G.A. § 9-4-2 (" . . . the respective superior courts of this state *shall have power*, . . .")(emphasis added); Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)(federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants"); Public Serv. Commission of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 239 (1952)("[28 U.S.C. § 2201] is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.").

Additionally, federal courts consider other concerns when analyzing whether to exercise their discretion and hear a request for declaratory relief. A declaratory judgment action may be inappropriate where it is filed to beat the natural plaintiff to the courthouse. This tactic may be intended to deprive the other party of its natural position as plaintiff. Or, it may be intended to deprive the natural plaintiff of its choice of forum. Federal courts sometimes discourage or reject such tactical maneuvers, or "preemptive strike[s]", as inappropriate uses of the Federal Declaratory Judgment Act. Institute for Studies Abroad Inc. v. Int'l Studies Abroad Inc., 263 F.Supp.2d 1154 (S.D. Ind. 2001). Such a use of the Federal Declaratory Judgment Act "provokes a disorderly race to the courthouse." State Farm Fire and Casualty Co. v. Taylor, 118 F.R.D 426, 429-30 (M.D.N.C. 1988); see also Fireman's Ins. Co. of Newark v. Riley, 322 F.Supp. 349, 351 (W.D. Ky. 1971).

The declaratory judgment procedure can be an important way to minimize the uncertainties which exist in the business world. When you or your businesses face a situation where immediate relief from a court may be necessary to protect your business interests before proceeding with a future course of conduct, it is highly recommended that you consult with counsel regarding what remedies may be available.

# Alabama Rules of Civil Procedure

## VII. JUDGMENT

## Rule 56.

## Summary judgment.

(a) *For claimant.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of thirty (30) days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) *For defending party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) *Motion and proceedings thereon.*

(1) FORM OF MOTION AND STATEMENT IN OPPOSITION THERETO. The motion shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal authority. Any supporting documents that are not on file shall be attached as exhibits. If the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts.

(2) TIME. The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days' notice with the consent of the parties concerned. Subject to subparagraph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing.

(3) JUDGMENT. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) *Case not fully adjudicated on motion.* If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) *Form of affidavits; further testimony; defense required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him.

(f) *When evidentiary matter is unavailable.* Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) *Affidavits made in bad faith.* Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are

presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(dc) *District court rule.* Rule 56 applies in the district courts except that the references to thirty (30) days and ten (10) days are reduced to fourteen (14) days and seven (7) days, respectively.

[Amended eff. 8-1-92; Amended eff. 10-1-95.]

## Committee Comments on 1973 Adoption

"The summary judgment procedure is a method for promptly disposing of actions in which there is not genuine issue as to any material fact. It has been used in England for more than 50 years and has been adopted in a number of states. It is intended to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials where no genuine issues of fact are raised…. The summary judgment procedure is not a substitute for the trial of disputed issues of fact. On a motion for summary judgment, the court cannot try issues of fact. It can only determine whether there are issues to be tried. The procedure is well adapted to expose sham claims and defenses but cannot be used to deprive a litigant of a proper trial of genuine issues of fact."

3 Barron & Holtzoff, *Federal Practice and Procedure*, § 1231 (1958).

Summary judgment procedure must be regarded as an innovation in Alabama. The statutory authorization for summary proceedings, § 6-6-660 et seq., Code of Ala. is so limited as to bear little similarity to the procedure here provided. This rule is virtually identical with Federal Rule 56 and the similar rules adopted in many states. It differs from the federal rule in requiring the claimant to wait 30 days before moving for summary judgment rather than 20 days as in the federal rule.

This rule is closely connected with Rule 12(b)(6), providing for a motion to dismiss for failure to state a claim on which relief can be granted, and Rule 12(c), providing for a motion for judgment on the pleadings. If, on those Rule 12 motions, matters outside the pleadings are presented to and not excluded by the court, the motion is to be considered as for summary judgment, and the test of

this rule is applicable. See Clark, *The Summary Judgment*, 36 Minn.L.Rev. 567, 573-576 (1952).

Unlike some earlier summary judgment procedures, this rule may be used in any kind of case by either party. 3 Barron & Holtzoff, *Federal Practice and Procedure*, § 1232 (1958); Ritter & Magnuson, *The Motion for Summary Judgment and its Extension to All Classes of Actions*, 21 Marq.L.Rev. 33 (1936). The availability of the procedure in any action is not inconsistent with the obvious truth that there are some kinds of actions which almost inevitably present genuine issues of material fact, and in which summary judgment will rarely be proper. Negligence actions fall within this class. See *Vosbeck v. Lerdall*, 72 N.W.2d 371, 373-374 (Minn.1955); *Davidson v. Kalmbacher*, 74 A.2d 821 (Del.1950).

> "Summary judgment procedure is not a catch-penny contrivance to take unwary litigants into its toils and deprive them of trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists."

*Whitaker v. Coleman*, 115 F.2d 305, 307 (5th Cir.1940), per Hutcheson, C.J.

The standard set out in subdivision (c) is that summary judgment may be granted only when the materials on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". As to when this test is met, see, e.g., *Chappell v. Goltsman*, 186 F.2d 215 (5th Cir.1950); *Lawson v. American Motorists Ins. Corp.*, 217 F.2d 724 (5th Cir.1954); Asbill & Snell, *Summary Judgment under the Federal Rules--When an Issue of Fact is Presented*, 51 Mich.L.Rev. 1143 (1952); Clark, *The Summary Judgment*, 36 Minn.L.Rev. 567, 576-579 (1952); Comm., *"Genuineness" of Issues on Summary Judgment*, 4 Fed.Rules Serv. 940 (1941); 3 Barron & Holtzoff, *Federal Practice and Procedure*, § 1234 (1958); 6 Moore's *Federal Practice*, ¶ 56.15 (2d ed. 1971). This test must be read in context with the Alabama "scintilla evidence" rule, which these rules do not disturb. See Rule 50. Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion is made, so that at a trial he would be entitled to go to the jury, summary judgment cannot be granted.

Affidavits to be considered on a motion for summary judgment must be made on personal knowledge and show affirmatively that the affiant is competent to testify as to the matters stated, and they may only set forth such facts as

would be admissible in evidence. Rule 56(e). Thus the court is not to consider statements in affidavits based on hearsay, or otherwise, inadmissible. E.g., *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir.1952); *Jameson v. Jameson*, 176 F.2d 58 (D.C.Cir.1949); *United States v. Britten*, 161 F.2d 921 (3rd Cir.1947); 6 Moore's *Federal Practice*, ¶ 56.22 (2d ed. 1953). Where a party cannot present facts sufficient to defeat a motion for summary judgment, but there is a good reason to believe he may have such evidence by the trial, the court has ample discretion either to deny the motion or to order a continuance. Rule 56(f); *Mason v. New York Cent. R.R.*, 8 F.R.D. 637 (W.D.N.Y.1949); *United States v. Newbury Mfg. Co.*, 1 F.R.D. 718 (D.Mass.1941).

Mere allegations in a pleading are not enough to create a genuine issue of material fact as against a showing of evidence contrary to the allegations. See Rule 56(e).

### Committee Comments to August 1, 1992, Amendment to Rule 56(c) and Rule 56(f)

The August 1, 1992, amendments to Rule 56(c) and (f) are intended to provide a statewide procedure for submitting summary judgment motions and materials in support thereof and materials in opposition thereto. Many local rules throughout the state provided a variety of procedures for submitting and disposing of summary judgment motions. The committee felt that a uniform procedure should be incorporated in the rule so as to simplify practice in this area. It should be remembered that a trial judge, pursuant to Rule 6(b) ("Time"; "Enlargement"), may enlarge the periods set out in Rule 56(c)(2).

F.R.Civ.P. 56(f) and former A.R.Civ.P. 56(f) contain the words "by affidavit" in the context of evidentiary matter needed to justify opposition to a summary judgment. This revision changes the title of this subparagraph to read "When Evidentiary Matter Is Unavailable" and deletes the phrase "by affidavit" from the text so as to eliminate an unnecessary restriction on the form of evidentiary matter adequate to justify opposition. For example, a deposition could just as easily support a statement in opposition to the motion. See 10A C. Wright & A. Miller, *Federal Practice and Procedure*, § 2740, pp. 529-30 (1983), for a suggestion that F.R.Civ.P. 56(f) should be so interpreted, notwithstanding its use of the restrictive words "by affidavit." Note that this change does not alter the Rule 56(f) requirement of affidavits in support of a contention that a party is presently unable to present facts in opposition to the motion and that a continuance is therefore necessary. Such an affidavit should state with specificity why the opposing evidence is not presently available and should state, as specifically as possible, what future actions are contemplated to discover and present the opposing evidence.

**Committee Comments to October 1, 1995,
Amendment to Rule 56**

The amendment is technical. No substantive change is intended.